```
USDC SDNY
DOCUMENT
ELECTRONICALLY FILED
DOC #:_____
DATE FILED: 1/24/2023
```

UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK

Ariel Perez,

                        Plaintiff,

      -against-

Omnilearn Corp. et al.,

                        Defendants.

1:22-cv-00168 (SDA)

**ORDER**

**STEWART D. AARON, UNITED STATES MAGISTRATE JUDGE:**

       This case contains claims under the Fair Labor Standards Act. Following a settlement conference with the undersigned, the parties reached a settlement on all issues.

       On December 20, 2022, the Court entered an Order directing the parties to provide a copy of the settlement agreement to the Court together with a letter discussing the following factors: (1) the plaintiff's range of possible recovery; (2) the extent to which "the settlement will enable the parties to avoid anticipated burdens and expenses in establishing their respective claims and defenses"; (3) the seriousness of the litigation risks faced by the parties; (4) whether "the settlement agreement is the product of arm's-length bargaining between experienced counsel"; and (5) the possibility of fraud or collusion. (*See* 12/20/2022 Order, ECF No. 32.) The Order also directed the parties' joint letter to "address whether there is a *bona fide* dispute as to the number of hours worked or the amount of compensation due and how much of the proposed settlement plaintiff's attorney shall be seeking as fees" and why the settlement is fair and reasonable under *Cheeks v. Freeport Pancake House, Inc.*, 796 F.3d 199, 206 (2d Cir. 2015). (*Id.*)

       On January 9, 2023, an Order was issued on the parties' consent referring disposition of this matter to the undersigned pursuant to 28 U.S.C. § 636(c). (ECF No. 34.)

On January 20, 2023, the parties submitted their proposed settlement agreement and related papers. (Settlement Agmt., ECF No. 36.) Having reviewed the proposed settlement and having participated in the settlement conference, the undersigned finds that it is fair and reasonable, given both the nature and scope of Plaintiff's individual claims as well as the risks and expenses involved in additional litigation. *See Wolinsky v. Scholastic, Inc.*, 900 F. Supp. 2d 332, 335-36 (S.D.N.Y. 2012).

In addition, Plaintiff seeks approval of $15,720 in attorney's fees and costs, which is approximately 38% of the total settlement amount. (*See* ECF No. 36 at 2.) The Second Circuit has approved attorneys' fees in excess of 33% of the total recovery. *Fisher v. SD Prot. Inc.*, 948 F.3d 593, 597, 604 (2d Cir. 2020) (approving attorneys' fees in excess of 33% of the total recovery and noting that "[i]n most FLSA cases, it does not make sense to limit fees to 33% of the total settlement.") In line with that precedent, the Court finds that the requested attorney's fees are fair and reasonable.

For these reasons, the Court approves the settlement. This action is dismissed with prejudice and without costs except as may be stated in the settlement agreement. The Court will retain jurisdiction to enforce the settlement agreement. The Clerk of Court is respectfully requested to close this case.

**SO ORDERED.**

DATED:   New York, New York
         January 24, 2023

_____
STEWART D. AARON
United States Magistrate Judge